# EXHIBIT A

КОПИЯ С КОПИИ



КОПИЯ

# ВЕРХОВНЫЙ СУД РОССИЙСКОЙ ФЕДЕРАЦИИ
# ВОЕННАЯ КОЛЛЕГИЯ

## ОПРЕДЕЛЕНИЕ № 1-003367р/51

гор. Москва « 6 » декабря 2007 года

Военная коллегия Верховного Суда Российской Федерации в составе:
председательствующего генерал-майора юстиции Шалякина А.С.
и судей: полковника юстиции Крупнова И.В.
генерал-майора юстиции Калиниченко Ю.А.

с участием старшего военного прокурора отдела Главной военной прокуратуры полковника юстиции Цырендоржиева И.П. рассмотрела в открытом судебном заседании уголовное дело по надзорной жалобе Шумицкой Р.А. на постановление президиума 3 окружного военного суда от 16 марта 2006 года о внесении изменений в приговор военного трибунала войсковой части 48240 от 19 сентября 1951 года, согласно которому бывший военнослужащий военной комендатуры города Хагенов земли Мекленбург - Германия сержант

Иванов (Лукин) Евгений Алексеевич, родившийся в 1924 году в селе Андрианово Ново-Николаевского района Сталинградской области, призванный в Советскую Армию в ноябре 1945 года,

заочно осуждён по ст. 58-1 «б» УК РСФСР (в редакции 1926 года) к высшей мере уголовного наказания - расстрелу, с конфискацией всего имущества.

Приговор кассационному обжалованию не подлежал.

Данных о приведении приговора в исполнение в материалах дела не имеется.

Постановлением президиума 3 окружного военного суда от 16 марта 2006 года указанный приговор по надзорному представлению военного

прокурора РВСН изменен. Содеянное Ивановым переквалифицировано со ст. 58-1 «б» УК РСФСР на ст. ст. 58-1 «а» и 193-7 п. «г» УК РСФСР (в редакции 1926 года) и ему назначено за каждое преступление и по их совокупности высшая мера уголовного наказания – расстрел с конфискацией имущества.

Этим же постановлением окружного военного суда Иванов (Лукин) Евгений Алексеевич признан не подлежащим реабилитации.

21 ноября 2007 года судьей Верховного Суда Российской Федерации вынесено постановление о возбуждении надзорного производства и передаче жалобы на рассмотрение Военной коллегии Верховного Суда Российской Федерации.

Заслушав доклад генерал-майора юстиции Шалякина А.С. и мнение старшего военного прокурора отдела Главной военной прокуратуры полковника юстиции Цырендоржиева И.П., полагавшего необходимы судебные постановления в отношении Иванова (Лукина) изменить, исключить из них указания о дополнительном наказании в виде конфискации имущества, а в остальной части приговор и постановление окружного суда оставить без изменения, Военная коллегия

у с т а н о в и л а :

Согласно приговору Иванов (Лукин) признан виновным в том, что, проживая на временно оккупированной немецко-фашистскими войсками территории в деревне Чудиново Осьминского района Ленинградской области в июле 1942 года добровольно поступил на службу в отряд немецкой полиции, где служил до изгнания немецких войск. При этом Иванов, являясь полицейским, принимал активное участие в карательной деятельности.

Так, в августе 1942 года он участвовал в расстреле жителя д. Редька Котова, а осенью того же года участвовал в аресте лесника из д. Николаевское.

В октябре 1942 года и зимой 1943 года совместно с другими полицейскими Иванов участвовал в расстреле двух советских граждан, поддерживавших связь с партизанами.

В мае 1943 года он принимал непосредственное участие в расстреле пяти полицейских, намеревавшихся перейти на сторону партизан.

Боясь ответственности за содеянное, Иванов вместе с немцами сбежал в Германию.

В июне 1945 года он под вымышленной фамилией Лукин по вольному найму устроился на работу в военную комендатуру города Хагенов земли Мекленбург - Германия, а в ноябре 1945 года был призван в ряды Советской Армии.

25 января 1948 года за аморальные поступки Иванов был откомандирован в СССР, но в пути следования сбежал из эшелона и вернулся в г. Хагенов, где несколько дней скрывался у своей сожительницы Анны Шалау.

В начале февраля 1948 года Иванов сбежал в английский сектор г. Берлина, а оттуда выехал в английскую зону оккупации Германии.

В надзорной жалобе Шумицкая Р.А. – племянница осужденного указывает, что судебный процесс в отношении Иванова (Лукина) был сфабрикован и высказывает несогласие с назначением ему постановлением президиума 3 окружного военного суда от 16 марта 2006 года дополнительного наказания в виде конфискации имущества.

Проверив материалы дела и доводы, приведенные в заявлении Шумицкой Р.А., Военная коллегия Верховного Суда Российской Федерации находит, что президиум окружного военного суда пришел к правильному выводу о том, что вина Иванова (Лукина) в противоправных действиях, за которые он осужден, полностью подтверждается имеющимися в материалах дела доказательствами.

Личность Иванова (Лукина) установлена в ходе опознания его по фотографии свидетелем Ивановой Л.А. – сестрой осужденного, которая, согласно данным протокола опознания от 23 апреля 1951 года, указала на него как на своего брата — Иванова Евгения Алексеевича, 1924 года рождения.

То обстоятельство, что во время войны Иванов (Лукин) состоял на службе в немецкой полиции и принимал непосредственное участие в расстрелах партизан и местных жителей, подтверждается показаниями Артемьева и Иванова Георгия, служивших там же вместе с Ивановым (Лукиным).

При опознании Иванова (Лукина) по фотографии свидетели Иванова К.П., Севастьянова Н.Е. и Рытова А.Ф. пояснили, что во время войны он действительно служил в немецкой полиции.

Кроме того, все допрошенные в суде свидетели, а также местные жители Орлов Н.Н., Малащенкова Ф.М. и Осипов Е.М. опознали личность Иванова (Лукина) не только на фотографии, где он изображён в бытность шофёром военной комендатуры г. Хагенов, но и на трёх фотокарточках, где он сфотографирован с оружием и повязкой полицейского среди других полицейских. Эти фотографии имеются в деле (л.д. 10, 16, 65, 68, 96, 108, 133 и 145).

Как усматривается из показаний свидетелей Вестерхайде Г. и Вестерхайде А. в суде, в феврале 1948 года Лукин (Иванов) проживал у них, а затем уехал в Берлин. В марте 1948 года в их адрес от него поступило письмо из английской зоны оккупации.

Из материалов дела также усматривается, что с июня 1945 года Иванов под вымышленной фамилией Лукин по вольному найму работал шофером в военной комендатуре г. Хагенов земли Мекленбург, а в ноябре 1945 года был призван на военную службу и проходил её в той же комендатуре.

В январе 1948 года Иванов (Лукин) был откомандирован в Советский Союз, но в пути следования из эшелона сбежал, после чего скрывался у своих знакомых в г. Хагенов, а затем, в начале февраля 1948 года, бежал в

4

английский сектор г. Берлина, а оттуда – в английскую зону оккупации Германии.

Свидетель Шалау Анна показала, что в феврале 1948 года встречалась с Ивановым (Лукиным) в английском секторе г. Берлина.

При таких данных не вызывает сомнения, что в 1942 году Иванов (Лукин) перешел на сторону врага – поступил на службу в немецкую полицию и с оружием в руках совершил на временно оккупированной немецкими войсками территории преступления в отношении граждан СССР, то есть изменил Родине, а в январе 1948 года уклонился от военной службы, то есть совершил дезертирство.

На основании изложенного президиум окружного военного суда пришел к правильному выводу об отсутствии оснований для реабилитации Иванова (Лукина).

Президиум окружного военного суда при этом правильно признал ошибочной квалификацию судом первой инстанции содеянного Ивановым (Лукиным) по ст. 58-1 «б» УК РСФСР (в редакции 1926 года), и поскольку он на момент совершения преступления не являлся военнослужащим, обоснованно переквалифицировал содеянное Ивановым (Лукиным) на ст. 58-1 «а» и ст. 193-7, п. «г» УК РСФСР (в редакции 1926 года).

Вместе с тем Военная коллегия Верховного Суда Российской Федерации находит, что приговор военного трибунала войсковой части 48240 от 19 сентября 1951 года и постановление президиума 3 окружного военного суда от 16 марта 2006 года, которым данный приговор изменен, подлежат изменению по следующим основаниям.

Президиум окружного военного суда, переквалифицируя содеянное Ивановым (Лукиным) и определяя ему наказание в связи с новой юридической оценкой его действий, допустил существенное нарушение норм материального права.

В соответствии со ст. 9 УК РФ наказуемость деяния определяется уголовным законом, действующим во время совершения этого деяния.

Исключение из этого правила содержится в ст. 10 УК РФ.

Согласно ч.1 этой статьи уголовный закон, устраняющий преступность деяния, смягчающий наказание или иным образом улучшающий положение лица, совершившего преступление, имеет обратную силу.

Уголовным кодексом РСФСР, в редакции 1926 года, за совершенные Ивановым (Лукиным) деяния предусматривалось наказание в виде конфискации имущества.

В соответствии с Федеральным законом от 8 декабря 2003 года № 162-ФЗ п. "ж" ч. 2 ст. 44 Уголовного кодекса Российской федерации, предусматривающий в качестве вида наказания конфискацию имущества, утратил силу.

То есть, на момент рассмотрения президиумом окружного военного суда уголовного дела в отношении Иванова (Лукина) Уголовный кодекс такого вида наказания не предусматривал.

5

Переквалифицируя действия Иванова (Лукина), суд надзорной инстанции, назначив осужденному наказание в виде конфискации имущества, применил уголовный закон, ухудшающий положение осужденного, поскольку п. "ж" ч. 2 ст. 44 УК РФ, устанавливающий данное наказание, утратил силу.

Суд, таким образом, нарушил требования ч.1 ст.10 УК РФ, касающиеся обратной силы уголовного закона, и неправильно применил уголовный закон.

Данное нарушение уголовного материального закона, является существенным, то есть имеющим принципиальный, фундаментальный характер, повлиявшим на исход рассмотрения дела (назначение наказания), поскольку оно существенно нарушило права и законные интересы граждан, защищаемые в судебном порядке, которые не могут быть восстановлены без изменения судебного постановления.

Поскольку п. "ж" ч. 2 ст. 44 УК РФ, устанавливающий наказание в виде конфискации имущества, утратил силу из состоявшихся по данному уголовному делу судебных решений подлежит исключению указание о назначении Иванову (Лукину) дополнительного наказания в виде конфискации имущества

На основании изложенного, руководствуясь статьями 407-409 УПК Российской Федерации, Военная коллегия Верховного Суда Российской Федерации,

о п р е д е л и л а :

приговор военного трибунала войсковой части 48240 от 19 сентября 1951 года и постановление президиума 3 окружного военного суда от 16 марта 2006 года в отношении Иванова (Лукина) Евгения Алексеевича изменить, исключить дополнительное наказание в виде конфискации имущества, назначенное по статьям 58-1 «а» и 193-7, п. «г», УК РСФСР (в редакции 1926 года) и по совокупности преступлений.

В остальной части указанные приговор и постановление президиума окружного военного суда в отношении Иванова (Лукина) Евгения Алексеевича оставить без изменения.


Подлинное за надлежащими подписями.

Копия верна.

Судья Верховного Суда Российской Федерации

Генерал-майор юстиции        _подпись_         А.С. Шалякин

Секретарь                    _подпись_         А.И. Озерова



:кт-Петербург
лии подчисто
стей нет.

APOSTILLE*АПОСТИЛЬ
(Convention de La Haye du 5 octobre 1961-
ГААГСКАЯ КОНВЕНЦИЯ ОТ 5 ОКТЯБРЯ 1961 г.)

1. РОССИЙСКАЯ ФЕДЕРАЦИЯ
Настоящий официальный документ

Нотариальная копия

2. подписан    Фроловой С.Л.

3. выступающим в качестве    нотариуса Санкт-Петербурга

4. скреплен печатью/штампом    нотариуса Санкт-Петербурга Фроловой С.Л.

5. в Санкт-Петербурге    23.06.2010

6. Турчиным А. М., начальником отдела

Главное управление Министерства юстиции РФ
по Санкт-Петербургу и Ленинградской области

9. № 4512

10. подпись

Перевод с русского языка на английский язык

Copy of the copy

Stamp: COPY

State Emblem of the Russian Federation

# SUPREME COURT OF THE RUSSIAN FEDERATION
# MILITARY COLLEGIUM

Court Order No. 1-003367р/51

December 6, 2007

*е*
*ции*
*ии*
*гу*
*ти*

Collegium of the Supreme Court of the Russian Federation

by:

Major General of Justice A.S. Shalyakin

Colonel of Justice I.V. Krupnov

Major General of Justice Yu. A. Kalinichenko

with the participation of Chief Military Attorney of the Main Military Prosecutor's Office, Justice I.P. Tsyrendorzhyev considered the criminal case in an open hearing in response to a appeal filed by R.A. Shumitskaya with respect to the ruling of the Presidium of the Third Military Court dated March 16, 2006 on introducing changes to the sentence passed by the Tribunal of Military Unit 48240 dated September 19, 1951, according to which the former of the military commandant's office of Hagenov Town, Mecklenburg Land, Germany

— sergeant Ivanov (Lukin) Evgeniy Alekseevich, born in 1924, Andrianovo village, Novyi Nikolayev District, Stalingrad Region, who was called up for military service in the Soviet Army in November 1945,

was convicted in his absence pursuant to the RSFSR Criminal Code Article 58-1 "б" (as amended in 1926) and sentenced to the capital punishment (execution by a firing squad) with forfeiture

The sentence was not subject to cassation appeal.

There are no data in the case files evidencing that the sentence was served.

Перевод с русского языка на английский язык

By the ruling of the Presidium of the Third District Military Court dated March 16, 2006, the above-mentioned sentence based on the supervisory decision of the Military Attorney of the Strategic Missile Forces was amended. The actions committed by Ivanov were re-qualified from the RSFSR Criminal Code Article 58-1 "б" to the RSFSR Criminal Code Articles 58-1 "a" and 193-7 "г" (as amended in 1926). He was sentenced to the capital punishment (execution by a firing squad) with forfeiture of estate for each crime and in view of the aggregate of crimes.

The same ruling of the District Military Court recognized that Ivanov (Lukin) Evgeniy Alekseevich was not subject to vindication.

On November 21, 2007, the Judge of the Supreme Court of the Russian Federation made a ruling initiating proceedings in the order of supervision and submission of the appeal to the Military Collegium of the Supreme Court of the Russian Federation.

Having listened to the report by Major General of Justice A.S. Shalyakin and the opinion of the Military Attorney of the Main Military Prosecutor's Office, Colonel of Justice I.P. Skvorzhyev who believed that the court rulings with respect to Ivanov (Lukin) should be amended excluding the directions about additional punishment in form of forfeiture of estate while the remaining part of the ruling passed by the District Court should be upheld, the Military Collegium

have established:

According to the sentence, Ivanov (Lukin) was recognized guilty of the following actions. When he was living in the territories which were temporarily occupied by Nazi-Germans, and namely Osmino, Osmino District, Leningrad Region, he was enlisted in the detachment of the German police as a volunteer in July, 1942. He served there until the German armed forces were banished. Being a policeman, Ivanov actively participated in punitive actions.

Thus, in August 1942, he participated in the execution of Kotov, a resident of Redka. In autumn of the same year he took part in arresting a forester from Nikolaevskoe.

In October, 1942 and winter 1943, Ivanov, together with other policemen, participated in arresting two Soviet citizens who kept contact with partisans.

In May, 1943, he took direct part in shooting five policemen who tried to come over to the partisans.

In fear of liability for what he had done, Ivanov ran away to Germany together with Germans.

In June, 1945 he, using a fictitious family name – Lukin, got a job on a voluntary basis in the commandant's office of Hagenov Town, Mecklenburg Land, Germany, was called up for military service in the Soviet Army in November 1945.

On January 25, 1948, Ivanov was detached to the USSR due to his immoral actions, but he managed to flee from the echelon on his way and returned to Hagenov where he went into hiding at his

Перевод с русского языка на английский язык

[...] – Anna Schalau.

[In] early February 1948, Ivanov fled to the English sector of Berlin and then moved to the English [occupation] zone of Germany.

[R.A.] Shumitskaya, a niece of the convict, in her supervisory appeal points out to the fact that the [proc]eedings against Ivanov (Lukin) were framed up and expresses her disagreement with the ruling [of the P]residium of the Third District Military Tribunal dated March 16, 2006 on the determination of an [additional] punishment in form of forfeiture of estate.

[Hav]ing examined the materials of the case files and arguments presented in the application filed [by R.A.] Shumitskaya, the Military Collegium of the Supreme Court of the Russian Federation considers [that the] Presidium of the District Military Tribunal rightfully found Ivanov's (Lukin's) guilty of [commit]ing actions of which he was convicted fully based on the evidence contained in the case files.

[The] identity of Ivanov (Lukin) was established through the photo array identification procedure [carried out] by witness L.A. Ivanova – a sister of the convict. She pointed to Ivanov Evgeniy Alekseevich [as her br]other, born in 1924 which is confirmed by the data of the report of photo array identification [procedure] as of April 23, 1951.

[The] fact that Ivanov (Lukin) served in the German police during the war and took direct part in [arrests] of partisans and locals is confirmed by testimonies of Artemyev and Georgiy Ivanov who [served to]gether with Ivanov (Lukin).

[During] the procedure for photo array identification of Ivanov (Lukin), witnesses K.P. Ivanova, [A.E. Sev]astyanova and A.F. Rytova explained that he really served in the German police during the war.

[Besi]des all the witnesses questioned in the court as well as locals N.N. Orlov, F.M. [Vlasen]kova and E.M. Osipov recognized Ivanov (Lukin) not only in the photograph where he is [depicted as] a driver of the commandant's office of Hagenov Town, but also in three photos where he was [depict]ed with a gun and a policeman's band among other policemen. There photographs are attached to [the case fil]e (personal files 10, 16, 65, 68, 96, 108, 133 and 145).

[From] the testimonies of witnesses G. Westerheide and A. Westerheide given in the court, it can [be seen] that Lukin (Ivanov) lived at their place in February 1948 and then left for Berlin. In March [they] received his letter. The letter originated from the English occupation zone.

[Acc]ording to the case files, Ivanov, using fictitious family name "Lukin", worked on a voluntary [basis as a dr]iver in the military commandant's office of Hagenov Town, Mecklenburg Land from June [1945 wh]en he was called up for military service in the Soviet Army in November 1945. He served in [the mili]tary commandant's office.

[In Ja]nuary, 1948 Ivanov (Lukin) was detached to the USSR, but he managed to flee from the [train on] his way and returned to Hagenov, where he went into hiding at the place of his

Перевод с русского языка на английский язык

...ces. In early February 1948, he fled to the English sector of Berlin and then moved to the ... occupation zone of Germany.

...Witness Anna Schalau testified that in February 1948 she dated Ivanov (Lukin) in the English ... of Berlin.

...view of such data, there is no doubt that in 1942 Ivanov (Lukin) came over to the enemy. He ... serving in the German police and committed crimes against Soviet citizen with the gun in his ... the territories which were temporarily occupied by Nazi-Germans. This means that he betrayed ... land. In January 1948 he evaded military service, which means that he committed desertion.

...Based on the abovementioned, the Presidium of the District Military Court rightfully concluded ... were no reasons for the vindication of Ivanov (Lukin).

...The Presidium of the District Military Court also rightfully recognized that the court of original ... erroneously qualified the crimes committed by Ivanov (Lukin) according to Article 58-1 "б" ... RSFSR Criminal Code (as amended in 1926), and in view of the fact that at the time when he ... the above crimes he was not a military man, the court was right to re-qualify the crimes ... by Ivanov (Lukin) according to Article 58-1 "a" and Article 193-7, "г" of the RSFSR ... Code (as amended in 1926).

...At the same time, the Military Collegium of the Supreme Court of the Russian Federation finds ... the sentence passed by the Military Tribunal of Military Unit 48240 dated September 19, 1951 ... ruling of the Presidium of the Third District Military Tribunal dated March 16, 2006 amending ... sentence should be changed due to the following reasons.

...When re-qualifying the crimes committed by Ivanov (Lukin) and determining his punishment in ... new legal evaluation of his actions, the Presidium of the District Military Court materially ... the norms of substantive law.

...Pursuant to Article 9 of the RF Criminal Code, the punishment for actions should be determined ... criminal law effective at the time when such actions were committed.

...An exclusion from this rule is contained in Article 10 of the RF Criminal Code.

...Pursuant to Part 1 of this Article, a criminal law has a retroactive effect if it reclassifies actions as ... mitigates a punishment or otherwise improves the situation of the person who committed a

...According to the RSFSR Criminal Code, as amended in 1926, Ivanov (Luklin) was supposed to ... to forfeiture of estate for the actions he had committed.

...Pursuant to the Federal Law dated December 8, 2003 No. 162-ФЗ, the RF Criminal Code Article ... clause "ж", which contemplated a forfeiture of estate as a punishment, has ceased to be in

Перевод с русского языка на английский язык

This means, that at the time when the Presidium of the District Military Court was considering the criminal case against Ivanov (Lukin), the Criminal Code did not contemplate this kind of punishment.

In view of the fact that the RF Criminal Code Article 44, Part 2, clause "ж", which contemplated the above sentence, had already ceased to be in force at time of passing the above sentence, by re-qualifying the actions committed by Ivanov (Lukin) and ordering a forfeiture of estate as punishment of the convict, the court of supervisory jurisdiction applied the criminal law aggravating the situation of the convict.

Therefore, the court violated the requirements of the RF Criminal Code Article 10, Part 1 relating to the retroactive effect of a criminal law, and applied the criminal law erroneously.

This violation of the criminal substantive law is material, i.e. it is critical and fundamental by its nature and has affected the results of the proceedings in the case (the sentence) since it has materially violated citizens' rights and legal interests defended in the court which cannot be restored without the court ruling being changed.

Since the RF Criminal Code Article 44, Part 2, clause "ж", contemplating the sentence in form of forfeiture of estate has ceased to be in force, the ruling of the court relating to the additional punishment of Ivanov (Lukin) in form of forfeiture of estate should be excluded from the court rulings with respect to the above criminal case.

Now, therefore, based on the foregoing and pursuant to Articles 407-409 of the Criminal Procedure Code of the Russian Federation, the Military Collegium of the Supreme Court of the Russian Federation

has ruled:

The sentence passed by the Military Tribunal of Military Unit 48240 dated September 19, 1951 and the ruling of the Presidium of the Military Collegium of the Supreme Court of the Russian Federation dated March 16, 2006 with respect to Ivanov (Lukin) Evgeniy Alekseevich should be changed: the additional punishment in form of forfeiture of estate, which was ordered pursuant to Articles 58-1 "a" and 193-7 "г" of the RSFSR Criminal Code (as amended in 1926) and in view of the aggregate of crimes, should be excluded from the court rulings.

The remaining part of the above sentence and ruling passed by the Presidium of the District Military Court with respect to Ivanov (Lukin) Evgeniy Alekseevich should be upheld.

The ruling is signed as appropriate.

True copy.

Judge of the Supreme Court of the Russian Federation

Перевод с русского языка на английский язык

General of Justice     signature: A.S. Shalyakin

Secretary     signature: A.I. Ozerova

Total number of pages in this document:
5 (five) pages
Notary

Number of pages numbered, stitched together and sealed:
*5 (five)* pages
Responsible Secretary
Military Collegium of the RF Supreme Court
*Signature*

**Round Seal:** *Notary S.L. Frolova*
*Location: St. Petersburg*
*Notary District: St. Petersburg*
*May 25, 1999 No. 296-k*

City of St. Petersburg, Russian Federation
**The ninth day of June, two thousand and ten.**
I, Frolova Svetlana Leonidovna, Notary of St. Petersburg Notary District, certify that the foregoing document is a true copy of the original document and that no erasures, additions, deletions or other unspecified corrections therein or specificities thereof were identified.

Registered in the Register under    No. 5/2-2517
Fee levied according to the tariff:    RUB 120 pursuant to Articles 15 and 23 of the Fundamentals of the Russian Federation legislation on Notaries

Notary: *Signature*

**Round Seal:** *Notary S.L. Frolova*
*Location: St. Petersburg*
*Notary District: St. Petersburg*
*May 25, 1999 No. 296-k*

Перевод с русского языка на английский язык

## APOSTILLE
(Hague Convention of 5 October 1961/
Convention de La Haye du 5 octobre 1961)

1. The Russian Federation

   **This public document**

2. Has been signed by *S. L. Frolova*
3. Acting in the capacity of the *Notary of and for the City of Saint-Petersburg*
4. Bears the seal/stamp of *S. L. Frolova Notary of and for the City of Saint-Petersburg*

   **Certified**

5. At *Saint-Petersburg*
6. The *23 June, 2010*
7. by *A. M. Turchin, Department Head*
   CENTRAL DEPARTMENT OF THE MINISTRY OF JUSTICE OF THE RUSSIAN FEDERATION FOR SAINT-PETERSBURG AND LENINGRAD REGION
8. Number *4512*
9. Seal: 10. Signature: *signed*

*Ministry of Justice of the Russian Federation* Central Department of the Ministry of Justice of the Russian Federation for Saint-Petersburg and Leningrad Region* PSRN 1089847292633* for Apostille placement* State Emblem*

Central Department of the Ministry of Justice of the Russian Federation for Saint-Petersburg and Leningrad Region

The present document consists of 6 (six) sheets

Round Seal: *Ministry of Justice of the Russian Federation* Central Department of the Ministry of Justice of the Russian Federation for Saint-Petersburg and Leningrad Region* PSRN 1089847292633* for Apostille placement* State Emblem*

Перевод с русского языка на английский язык выполнил переводчик Постникова Дарья Александровна

---

Российская Федерация, Санкт-Петербург

Двадцать пятого июня две тысячи десятого года.

Я, Гасанов Магомед Бадрудинович, нотариус нотариального округа Санкт-Петербурга, действующий на основании лицензии № 168, выданной Управлением юстиции Мэрии Санкт-Петербурга 31 марта 1994 года, свидетельствую подлинность подписи сделанной переводчиком **ПОСТНИКОВОЙ ДАРЬИ АЛЕКСАНДРОВНЫ** в моем присутствии. Личность ее установлена.

Зарегистрировано в реестре за № 4М-2763

Взыскано по тарифу: 150 (Сто пятьдесят) рублей, в том числе 50 (Пятьдесят) рублей согласно ст. 15, ст. 23 ОЗН.

Нотариус:

# VERIFICATION

I, LudmilaAlekseevnaTsymbal, declare under the penalties of perjury under the laws of the United States that the foregoing Petition is true and correct.

Date: May, 03, 2011

_____

Ludmila Alekseevna Tsymbal

Address: 19 Repischeva Street, Korpus 3, Apt. 112, St. Petersburg, Russia.

Положения данной петиции Людмиле Алексеевне Цымбал мною разъяснены и понятны, подпись Людмилы Алексеевны Цымбал, поставленную в моем присутствии, заверяю:

_____

Заведующий Петродворцовым филиалом

Международной коллегии адвокатов «Санкт-Петербург».

С.А. Иванов

М.П.

03 мая 2011 года.

15